**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

R.L. AUCH,

               Petitioner-Appellant,

v.

JOR ORTIZ, Executive Director of
CDOC; COLORDO ATTORNEY
GENERAL,

               Respondents-Appellees.

No. 05-1292

District of Colorado

(D.C. No. 05-CV-402 ZLW)

**ORDER***

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

R.L. Auch, a state prisoner proceeding *pro se*, seeks a certificate of

appealability (COA) that would allow him to appeal from the district court's order

denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. §

2253(c)(1)(A).  Because we conclude that Mr. Auch has failed to make "a

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.

substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal. 28 U.S.C. § 2253(c)(2).

Mr. Auch pleaded guilty to second-degree kidnaping and first-degree sexual assault in the Denver District Court, and was sentenced to 68 years of imprisonment. The judgment of conviction was entered on May 1, 1986. Mr. Auch did not file a direct appeal. On June 25, 2001, Mr. Auch filed a motion for post-conviction relief under Rules 35(a) and 35(c) of the Colorado Rules of Criminal Procedure. The Denver District Court denied the motion on June 27, 2001 and the Colorado Court of Appeals affirmed on July 31, 2003. On April 19, 2004, the Colorado Supreme Court denied certiorari.

Mr. Auch filed a pro se application for a writ of habeas corpus on February 18, 2005. The district court held that his application was time-barred under 28 U.S.C. § 2244(d), and dismissed his application on June 3, 2005. The district court also denied Mr. Auch's request for a COA. Mr. Auch now appeals the denial of his motion for a COA and seeks leave to proceed *in forma pauperis*.

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists

-2-

could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotation marks omitted).

Under 28 U.S.C. § 2244(d), there is a one-year limitation period to a state prisoner's right to file an application for a writ of habeas corpus.[1] "The limitations period generally runs from the date on which the state judgment

---

[1] Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this Section.

-3-

became final after direct appeal, *see* 28 U.S.C. § 2244(d)(1)(A), but is tolled during the time the state post-conviction review is pending, *see* 28 U.S.C. § 2244(d)(2)." *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). Mr. Auch's state court judgment became final forty-five days after May 1, 1986, when his time to file a direct appeal expired. *See* Colo. App. R. 4(b); 28 U.S.C. 2244(d)(1)(A). Because his conviction became final before April 24, 1996, the effective date of section 2244, the one-year limitations period started on the statute's effective date. *Fisher*, 262 F.3d at 1142. Mr. Auch filed his application for federal habeas corpus relief on February 18, 2005, well beyond expiration of the one-year limitation period. Although any state post-conviction motions filed by Mr. Auch would toll the running of the limitations period, *see* 28 U.S.C. § 2244(d)(2), Mr. Auch did not apply for post-conviction relief until June 25, 2001. Because the one-year limitation period ended in 1997, Mr. Auch's post-conviction motions came too late to prevent his right to petition for a writ of habeas corpus from expiring.

In his petition for habeas corpus relief, Mr. Auch asserts a claim pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Liberally construing his pro se petition, Mr. Auch contends that the limitations period started to run when the Supreme Court issued its opinion in *Apprendi* establishing a new rule of constitutional law. However, section 2244 delays the start of the limitations

period only for newly recognized constitutional rights that are retroactively applicable. *See* 28 U.S.C. § 2244(d)(1)(C). Neither *Apprendi* nor its progeny apply retroactively to cases on collateral review. *See United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005) ("*Booker* does not apply retroactively to initial habeas petitions . . . ."); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) ("*Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*."); *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002) (finding that *Apprendi* is not retroactively applicable to habeas petitions). Consequently, *Apprendi* did not delay the running of Mr. Auch's one-year limitations period for filing a habeas corpus petition.

Aside from the decision in *Apprendi*, Mr. Auch has provided no explanation for his delay in filing this habeas corpus petition. Although the one-year limitation period set forth in § 2244 is subject to equitable tolling, "this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Mr. Auch has not identified, nor can we find in the record, any extraordinary circumstances that would justify an equitable tolling of the one-year limitations period. Therefore, we see no reason to excuse Mr. Auch from the

statutory limitations period, and Mr. Auch's petition is time barred under 28 U.S.C. § 2244(d).

Accordingly, we **DENY** R.L. Auch's request for a COA and **DISMISS** this appeal. Petitioner's motion to proceed *in forma pauperis* is **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge